### DUNBAR & PARCHMAN v. C. R. TIREY.

#### (No. 3935.)

APPEAL from Ellis County.  Opinion by DAVIDSON, J.

J. E. LANCASTER and M. B. TEMPLETON, counsel for appellant.

E. P. ANDERSON, counsel for appellee.

§ 278. *Contract made to avoid a lawsuit; fraud or mistake in should be alleged and proven.*  This suit was brought in justice court on a note for $105 bearing twelve per cent. interest from maturity and ten per cent. attorney's fees.  Some time after the original contract had been entered into the parties entered into a new one to the following effect, as shown by the evidence of appellee: "The original note given by me to plaintiffs, and the one hundred dollars for the mule, became due in the latter part of 1888.  I saw Mr. Dunbar about the matter, and offered him fifty dollars to give up the original note, and the bill of sale to the mule.  This he refused to accept, and insisted upon a full settlement in accordance with the original contract.  I told him I was dissatisfied with the machine, because it would not do work.  Dunbar insisted the machine would work, and fixed the subsequent day in which to test it."  On the day agreed upon the parties met in Waxahachie, and Mr. Dunbar showed appellee all about the machine, and how it worked, and how to replace ties on a bale of cotton, and, after doing so, demanded payment of appellee of the whole amount, threatening suit if he failed to pay.  Appellee told Dunbar he did not wish to be sued, and if he would extend the time of payment of the note, as·he did not have the money to pay it off, that he would pay it when it became due, and, if Dunbar would not sue, he would turn him over the mule, and give him a new note for the balance.  To this Dunbar agreed.  The note sued upon now was

then executed, and the said note and the mule were delivered to Dunbar, and he returned to appellee his original note and bill of sale. This was all done with the full knowledge on the part of appellee of the failure of the machine to do good work. At that time appellee had not consulted his attorney about the matter, but gave up the mule, and executed the note now sued on, because he did not have evidence enough to beat his case. On the trial of the case appellee recovered a judgment for $115.10 under his plea in reconvention, and a cancellation of the note in controversy. The judgment was clearly erroneous. There was no fraud or mistake alleged or proven. There was no contradiction as to the testimony. The new contract was made to avoid a lawsuit, all the facts being within the knowledge of appellee at the time the new contract was entered into. On the record as it is made to appear before us, the appellant was entitled to his judgment on the note, and because the court below erred in refusing to grant a new trial the judgment is reversed, and is here rendered for appellants for the full amount of the note and interest, as well as all costs incurred, for which execution may issue.

December 22, 1891.    Reversed and rendered.